IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| DONALD JOSEPH WEST, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:06-CV-0336 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION
## TO DISMISS PETITION FOR A WRIT OF HABEAS CORPUS

Came for consideration the Petition for a Writ of Habeas Corpus filed December 5, 2006 by petitioner DONALD JOSEPH WEST. At the time he filed his pleading, petitioner was in federal custody at the Randall County Jail as a result of a parole violation warrant which was executed as a detainer warrant on September 18, 2006. By his habeas application, petitioner seeks release from jail by challenging the lawfulness of the United States Parole Commission's warrant and his custody pursuant to said warrant. On December 6, 2006, the undersigned ordered the Commission to answer petitioner's habeas petition. On December 12, 2006, the undersigned Ordered petitioner to file a supplemental petitioner within twenty (20) days.

On December 12, 2006, the Commission offered petitioner an expedited revocation whereby he could waive a final revocation hearing and accept a revocation decision on the record. Under the terms of the expedited proposal, petitioner was to serve an additional 19 months in custody (including the time he spent in state and local custody), and was to be released

on January 20, 2007. On or before December 26, 2006, it appears petitioner accepted the Commission's expedited revocation proposal and, on January 19, 2007 (the Friday before January 20, 2007), petitioner was released from the Randall County Jail.

Petitioner has been afforded the relief he is seeking by way of this federal habeas application. Consequently, the instant petition is moot under the continuing case and controversy requirement, mandating its dismissal.

Alternatively, as of this date, petitioner is in direct disregard of this Court's Order to supplement his petition. Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1988). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 82 S.Ct. 1386 (1962)). Petitioner has been given ample opportunity to comply with this Court's direct Order, but has failed to do so and has neglected his case to such an extent that it warrants dismissal. Therefore, it is the alternative opinion of the undersigned that petitioner's habeas application should be dismissed for want of prosecution due to petitioner's failure to comply with this Court's Order.

## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by petitioner DONALD JAMES WEST be DISMISSED as moot or, alternatively, for want of prosecution.

INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 9th day of April 2007.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

**\* NOTICE OF RIGHT TO OBJECT \***

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e). Therefore, any objections must be filed **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).